Betty Jean BERTSCHINGER, Administratrix of the Estate of Rene Bertschinger, et al., Plaintiffs-Appellants,

v.

NATIONAL SURETY CORPORATION, Defendant-Appellee.

No. 71-1313.

United States Court of Appeals, Ninth Circuit.

Sept. 16, 1971.

Hahn, Jewell & Farrell, Anchorage, Alaska, for plaintiffs-appellants.

Hughes, Thorsness, Lowe, Gantz & Clark, Anchorage, Alaska, for defendant-appellee.

Before JERTBERG, WRIGHT and CHOY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This diversity action presents a question about the scope that Alaska law gives to an insurer's undertaking in its policy to defend a personal injury suit against its insured.

Rene Bertschinger and David Cleaver died from carbon monoxide inhalation while working for Kenneth Arndt as seamen aboard the vessel "Little Toot." Their personal representatives brought Jones Act suits against Arndt. He tendered defense of the suits to the National Surety Corporation, which had issued a comprehensive personal liability policy to him.

Under the policy National Surety promised to pay on behalf of Arndt all damages for which he became legally obligated because of bodily injury, including death, sustained by "any person." The insurer also promised to defend Arndt in any suit "alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent * * *"

National Surety rejected the tender of defense, claiming that the decedents' status as Arndt's employees brought them within Exclusion (g) of the policy. It provided that the policy does not apply "to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of his employment by the insured."

Mrs. Bertschinger and Mrs. Cleaver received judgments totaling $230,000 in the Jones Act suits against Arndt. Arndt subsequently assigned to them whatever rights he had against National Surety. The widows then commenced this action. They concede that the policy imposes no duty to indemnify Arndt for the Jones Act judgments, but seek damages for the failure to defend.

The district court granted summary judgment for National Surety, holding that the employee exclusion excused the duty to defend. We affirm since we believe the district court correctly applied Alaska law in construing the insurance policy.

■ National Indemnity Company v. Flesher, 469 P.2d 360 (Alaska 1970), set forth the Alaska standard for determining an insurer's duty to defend: "[A]n insurer must defend when the suit alleges facts within an exception to the policy but the true facts are within, or potentially within, the policy coverage and are known or reasonably ascertainable to the insurer." *Id.* at 366. Applying the Alaska court's test, we agree with the district court that National Surety owed Arndt no duty of defense. No one has ever suggested that decedents Bertschinger and Cleaver were anything but Arndt's employees. National Surety actually knew and could have discovered no facts bringing the accidents within the coverage of its policy.

■ Appellants argue that an insurer cannot unilaterally determine that an exclusionary clause precludes coverage, if the insured party believes in good faith that the policy affords him a defense. Although courts interpret insurance policies to satisfy the reasonable expectations of the insured, appellants' peculiar version of that rule of construction would be inconsistent with the holding in National Indemnity Co. v. Flesher, *supra.* If no factual basis for potential liability exists, the insured's beliefs are irrelevant. The Alaska court's decision requires only that the insurer conduct a reasonable investigation before deciding that it has no potential liability.

Appellants also contend that the policy holder's reasonable expectations require enforcement of the promise to defend unless the policy clearly and conspicuously makes the exclusionary provisions applicable to it. They rest this argument upon Gray v. Zurich Insurance Co., 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168 (1966). We do not consider whether *Gray* lends support to appellants' position. Since the Alaska court has articulated standards governing the duty to defend, we need not look to California law for guidance. Moreover, the opinion in National Indemnity Co. v. Flesher, *supra,* discussed *Gray* yet fashioned its own criteria to mark the contours of the defense obligation. Those criteria compel the result below. The judgment of the district court is affirmed.