**Betty Jean BERTSCHINGER, Administratrix of the Estate of Rene Bertschinger, Deceased, Linda Roylene Cleaver, Administratrix of the Estate of David Michael Cleaver, Deceased, et al., Plaintiffs-Appellants,**

v.

**NATIONAL SURETY CORPORATION, Defendant-Appellee.**

No. 71–1920.

United States Court of Appeals, Ninth Circuit.

Sept. 21, 1971.

Hahn, Jewell & Farrell, Anchorage, Alaska, for plaintiffs-appellants.

Hughes, Thorsness, Lowe, Gantz & Clark, Anchorage, Alaska, for defendant-appellee.

Before JERTBERG, WRIGHT and CHOY, Circuit Judges.

PER CURIAM:

Appellants filed their notice of appeal on December 10, 1970, from two summary judgments entered in favor of appellee. One judgment is a partial summary judgment entered on August 6, 1970, in respect to appellee's liability under insurance policy No. H–152471, issued by appellee to Kenneth and Shirley Arndt. The other judgment is a summary judgment entered in favor of appellee on November 12, 1970, in respect to appellee's liability under insurance policy No. PC1–293540, issued by appellee.

Appellants' appeal from the last mentioned judgment has been docketed as No. 71–1313, and will be the subject of a separate opinion, 449 F.2d 744.

In connection with the partial summary judgment entered on August 6, 1970, the District Court, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, expressly determined that no just reason for delay existed for the entry of judgment in respect to the claim for relief based on policy H–152471, and expressly directed that judgment on that claim be entered.

Appellee moves this court to dismiss the appeal from the partial summary judgment entered on August 6, 1970, on the ground this court lacks jurisdiction to hear the appeal because the notice of appeal was not filed within thirty days from the date of the judgment appealed from, as required by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

It is clear from the record that the appeal in the instant case was not timely filed if the partial summary judgment entered on August 6, 1970, is a final judgment, appealable as such. Rule 54(b) provides that in cases involving more than one claim, the district court may enter summary judgment on one or more, but less than all the claims, and before such order becomes appealable the district court must expressly determine that there is no just cause for delay and expressly direct the entry of judgment.

Whether the partial summary judgment entered on August 6, 1970, constitutes a final judgment, appealable as such, depends upon whether two claims were set forth in the complaint—one for breach of the provisions of policy No. PC1–293540, and the other for breach of the provisions of policy No. H–152471. We are satisfied that the claim under one insurance policy is a separate and distinct claim from the claim set forth under the other insurance policy, and each claim constitutes a separate and distinct cause of action.

Appellant's appeal from the partial summary judgment entered on August 6, 1970, was not timely filed. This Court lacks jurisdiction, and the appeal therefrom is dismissed.